**Lieutenant Colonel Charles R. JUFFER, Plaintiff,**

v.

**Louis CALDERA, Secretary of the Army, Defendant.**

**No. CIV.A. 00–1545 (RCL).**

United States District Court, District of Columbia.

March 19, 2001.

Christopher Alexander Sterbenz, Vienna, VA, for Plaintiff or Petitioner.

Herbert Forrest, U.S Department of Justice, Civil Division, Washington, DC, for Defendant or Respondent.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Now before the Court is the defendant's motion to dismiss the plaintiff's complaint. The plaintiff alleges that, as a result of the Army's affirmative action policy, he was twice denied a promotion to the rank of colonel and will be denied a correction of his military records with the Army Board for the Correction of Military Records. After a full consideration of the plaintiff's claims, the parties' memoranda, the appli-cable law, and for the following reasons, the Court GRANTS the defendant's motion.

### BACKGROUND

Lieutenant Colonel Charles Juffer, a white male, is a commissioned officer in the United States Army Reserve. He has three times sought a promotion to the rank of Colonel, and has been denied the promotion each time. Due to his repeated non-selection, he was forced to retire from active duty on August 31, 2000. He alleges that the Army's policy of staffing its promotion selection boards with women and minorities, as well as its policy of giving extra review to women and minority promotion applicants have caused him not to be promoted.

On September 8, 2000, just eight days after he retired from active duty, LTC Juffer filed a petition with the Army Board for the Correction of Military Records ("ABCMR"). In this petition, he alleged that the Army's policies with respect to selection board membership and equal opportunity have caused an "error" or an "injustice" in that they have prevented him from receiving his promotion. As of this date, that petition is still pending with the ABCMR. 10 U.S.C. § 1552(a).

### ANALYSIS

The defendant urges this Court to dismiss the plaintiff's suit until the ABCMR has ruled on his petition. Only then, he argues, will the plaintiff have exhausted all of his administrative remedies. In response, the plaintiff argues that his petition has been constructively denied or, in the alternative, that the exhaustion requirements do not apply to his case. The Court finds that the plaintiff has not exhausted his administrative remedies, and that this Court therefore does not have jurisdiction.

## A. The Statutory Mandate

■ Congress has specifically addressed whether a federal district court has jurisdiction to hear non-promotion claims by military officers. Section 14502(g) of title 10 of the United States Code provides:

(g) **Limitation of other jurisdiction.**— No official or court of the United States shall have power or jurisdiction—

(1) over any claim based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a selection board convened under chapter 1403 of this title until—

(A) the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or

(B) the claim has been rejected by the Secretary without consideration by a special selection board; or

(2) to grant any relief on such a claim unless the officer or former officer has been selected for promotion by a special selection board convened under this section to consider the officer's claim.

There is very little that can be added to clarify a legislative pronouncement already this clear. Indeed, the Supreme Court has recognized that "when Congress imposes an exhaustion requirement by statute," a district court is not free to divine its own exhaustion requirements. *Coit Independence Joint Venture v. FSLIC,* 489 U.S.

561, 587, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

## B. The Plaintiff's Claim

Viewing this case against Congress' clear statement on the issue, the Court finds that it lacks jurisdiction to hear this case at this time.[1] The plaintiff's suit is clearly based on his "failure ... to be selected for a promotion," and the Secretary of the Army has not rejected his claim or referred it to a special selection board.

Nonetheless, the plaintiff argues that his petition should be considered constructively denied. Even if the Court were to recognize a theory of constructive denial in the face of such an explicit congressional statement, the plaintiff's case falls far short of meriting such treatment. The plaintiff filed this action approximately three and a half months after he petitioned the ABCMR.[2] This period of time is much too short for the Court to make the extra-statutory presumption that the defendant's petition is thus doomed to fail.

■ Besides this argument, the plaintiff proffers several other arguments. To wit, the plaintiff asserts that the ABCMR is not empowered to consider constitutional claims, that the exhaustion requirement is relaxed with respect to constitutional questions, and that exhaustion would be futile because the Secretary of the Army is biased. Although these theories have long been relevant in the field of administrative exhaustion, their import in this case is eviscerated by the fact that exhaustion in this case is mandated by statute. This

---

1. The Court notes that this statutory exhaustion requirement applies only to reserve officers, and not to Regular Army officers. *See* 10 U.S.C., Subt. E, § 14502. As the other opinions being issued this date involve plaintiffs who are in the Regular Army, or plaintiffs in the Army Reserve who have properly exhausted, statutory exhaustion is not an issue addressed in those opinions.

2. The Court calculates this time period by comparing the date on which the plaintiff filed his petition with the ABCMR, September 8, 2000, with the date on which he filed his first amended complaint, December 28, 2000.

legislative edict necessarily preempts these judicially created doctrines.

### CONCLUSION

For the foregoing reasons, the Court concludes that it does not have jurisdiction to hear this case. An order consistent with this Memorandum Opinion will issue this date.

### ORDER

Consistent with the Memorandum Opinion issued this date, it is hereby

ORDERED that the defendant's motion to dismiss [12–1, 26–1] is GRANTED; further, it is

ORDERED that the plaintiff's motion to extend time filed on November 27, 2000 [21–1] is GRANTED; further, it is

ORDERED that the defendant's motion to extend time filed on December 21, 2000 [23–1] is GRANTED; further, it is

ORDERED that the plaintiff's motion for leave to file first amended complaint [24–1] is GRANTED; further, it is

ORDERED that the plaintiff's motion to extend time filed on January 26, 2001 [28–1] is DENIED.

This action now stands DISMISSED for failure to exhaust administrative remedies.

SO ORDERED.