306 F.3d 1138
 TULARE COUNTY, et al., Appellants,
v.
George W. BUSH, in his official capacity as President of the United States of America, et al., Appellees.
Natural Resources Defense Council, et al., Intervenors.
 No. 01-5376.
 United States Court of Appeals, District of Columbia Circuit.
 Argued September 5, 2002.
 Decided October 18, 2002.
 
 Appeal from the United States District Court for the District of Columbia (No. 00cv02560).
 Gary G. Stevens argued the cause and filed the briefs for appellants.
 Susan Pacholski, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were Ellen J. Durkee, Michael Gheleta and Ann Navaro, Attorneys, U.S. Department of Justice.
 Andrew E. Wetzler argued the cause for intervenors Natural Resources Defense Council, et al. With him on the brief were Nathaniel S.W. Lawrence, Michael R. Sherwood, Anne Harper and James S. Pew.
 Raissa S. Lerner, Deputy Attorney General, Attorney General's Office of the State of California, argued the cause for intervenor People of the State of California. With her on the brief were Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General and Theodora Berger, Senior Assistant Attorney General.
 Before: EDWARDS and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.
 Opinion for the Court filed by Circuit Judge ROGERS.
 ROGERS, Circuit Judge:
 
 
 1
 This is the second case we decide today involving a challenge to Presidential authority under the Antiquities Act of 1906 ("Act"), 16 U.S.C. § 431 (2000). In Mountain States v. Bush, 306 F.3d 1132 (D.C.Cir.2002), the court, upon de novo review, affirmed the dismissal of the complaint, holding that the complaint, which challenged a series of monument designations under the Act, contained insufficient factual allegations under Federal Rule of Civil Procedure 8(a) to trigger ultra vires review of the President's Proclamations. Id. at 8-10. The court also held that the complaint failed as a matter of law insofar as it alleged that the Proclamations violated the plain terms of the Antiquities Act and other federal statutes. Id. at 8, 10-11. We likewise hold, upon de novo review, that the complaint in the instant case fails for the same reasons. Accordingly, we affirm the dismissal of the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).
 
 I.
 
 2
 In April 2000 President Clinton established by proclamation the Giant Sequoia National Monument pursuant to his authority under the Antiquities Act. Proclamation 7295, 65 Fed. Reg. 24,095 (Apr. 15, 2000). The Monument, which encompasses 327,769 acres of land in the Sequoia National Forest in south-central California, contains groves of giant sequoias, the world's largest trees, and their surrounding ecosystem. Id. at 24,095-97, 24,100.
 
 
 3
 Tulare County, which contains land near and within the Grand Sequoia National Monument ("Monument"), along with a number of other public and private entities that use the Monument area for business or recreational purposes (hereinafter "Tulare County"), filed a complaint seeking declaratory and injunctive relief. Tulare County alleged that the Proclamation violated various provisions of the Antiquities Act and the Property Clause of the Constitution, as well as the National Forest Management Act, the National Environmental Policy Act, and the parties' existing rights under a prior mediated settlement agreement. The district court, concluding that only facial review was appropriate, dismissed the complaint. Tulare County v. Bush, 185 F.Supp.2d 18 (D.D.C.2001).
 
 II.
 
 4
 On appeal, Tulare County contends that in dismissing its complaint prior to discovery, the district court erred in failing to accept as true the facts alleged in the complaint and in limiting its review to the face of the Proclamation rather than reviewing the President's discretionary factual determinations. Tulare County does not contend that the President lacks authority under the Antiquities Act to proclaim national monuments like Giant Sequoia, as the Supreme Court has long upheld such authority. Cappaert v. United States, 426 U.S. 128, 142, 96 S.Ct. 2062, 2071, 48 L.Ed.2d 523 (1976); Cameron v. United States, 252 U.S. 450, 455, 40 S.Ct. 410, 410-11, 64 L.Ed. 659 (1920). Rather, in Counts 1-4 of the complaint, Tulare County alleged that the Proclamation violated the Antiquities Act because it: (1) failed to identify the objects of historic or scientific interest with reasonable specificity; (2) designated as the basis for the Monument objects that do not qualify under the Act; (3) did not confine the size of the Monument "to the smallest area compatible with proper care and management of the objects to be protected," 16 U.S.C. § 431; and (4) increased the likelihood of harm by fires to any objects of alleged historic or scientific interest within the Monument rather than protecting those objects. In Count 5, Tulare County argued that, absent judicial review of the President's action under the Antiquities Act, the statute constitutes an unconstitutional delegation of congressional authority. The remaining counts alleged that other federal statutes barred the Proclamation and that the Proclamation violated extant legal rights arising from a mediated settlement agreement with the National Forest Service prior to the Proclamation.
 
 
 5
 The Antiquities Act provides, in relevant part, that the President, "in his discretion" may declare "historic landmarks ... and other objects of historic or scientific interest... situated upon [federal] lands ... to be national monuments, and may reserve... parcels of land ... confined to the smallest area compatible with the proper care and management of the objects to be protected...." 16 U.S.C. § 431. The court pointed out in Mountain States, after reviewing Supreme Court authority discussing the scope of judicial review of discretionary Presidential decisionmaking, that the court "is necessarily sensitive to pleading requirements where, as here, it is asked to review the President's actions under a statute that confers very broad discretion on the President and separation of powers concerns are presented." Mountain States, 306 F.3d at 1137. Acknowledging that Congress has entrusted the courts with responsibility for determining the limits of statutory grants of authority, id. at 8, the court nonetheless declined to engage in ultra vires review in light of the absence of allegations or arguments in the record to indicate any infirmity in the challenged Proclamations. Id. at 9. Consequently, we review Tulare County's complaint to determine whether it contains factual allegations to support an ultra vires claim that would demonstrate the district court erred in declining to engage in a factual inquiry to ensure that the President complied with the statutory requirements.
 
 
 6
 Count 1 of Tulare County's complaint is premised on the assumption that the Antiquities Act requires the President to include a certain level of detail in the Proclamation. No such requirement exists. The Act authorizes the President, "in his discretion, to declare by public proclamation historic landmarks, historic and prehistoric structures, and other objects of historic or scientific interest." 16 U.S.C. § 431. The Presidential declaration at issue complies with that standard. The Proclamation lyrically describes "magnificent groves of towering giant sequoias," "bold granitic domes, spires, and plunging gorges," "an enormous number of habitats," "limestone caverns and ... unique paleontological resources documenting tens of thousands of years of ecosystem change," as well as "many archaeological sites recording Native American occupation... and historic remnants of early Euroamerican settlement." Proclamation at 24,095. By identifying historic sites and objects of scientific interest located within the designated lands, the Proclamation adverts to the statutory standard. Hence, Count 1 fails as a matter of law.
 
 
 7
 Count 2 alleges that the President has designated nonqualifying objects for protection. The Antiquities Act provides that, in addition to historic landmarks and structures, "other objects of historic or scientific interest" may qualify, at the President's discretion, for protection as monuments. 16 U.S.C. § 431. Inclusion of such items as ecosystems and scenic vistas in the Proclamation did not contravene the terms of the statute by relying on nonqualifying features. In Cappaert, 426 U.S. at 141-42, 96 S.Ct. at 2070-71, the Supreme Court rejected a similar argument, holding that the President's Antiquities Act authority is not limited to protecting only archeological sites.
 
 
 8
 As relevant to Count 3 of the complaint, the Proclamation states that the Monument's 327,769-acre size "is the smallest area compatible with the proper care and management of the objects to be protected." Proclamation at 24,097. It also states that the sequoia groves are not contiguous but instead comprise part of a spectrum of interconnected ecosystems. Id. Tulare County alleges that no one in the Clinton Administration "made any meaningful investigation or determination of the smallest area necessary to protect any specifically identified objects of genuine historic or scientific interest." Compl. ¶ 149. Instead, it alleges, President Clinton "bowed to political pressure ... in designating a grossly oversized Monument unnecessary for the protection of any objects of genuine historic or scientific interest." Compl. ¶ 150. This allegation is a legal conclusion couched as a factual allegation. "Although in reviewing the dismissal of a complaint the court must take `all factual allegations in the complaint as true,' the court is `not bound to accept as true a legal conclusion couched as a factual allegation.'" Mountain States, 306 F.3d at 1137 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)).
 
 
 9
 Contrary to the assumption underlying Count 3, the Antiquities Act does not impose upon the President an obligation to make any particular investigation. And to the extent that Tulare County alleges that the Proclamation designates land that should not be included within the Monument, the complaint fails to identify the improperly designated lands with sufficient particularity to state a claim. Id. Insofar as Tulare County alleges that the Monument includes too much land, i.e., that the President abused his discretion by designating more land than is necessary to protect the specific objects of interest, Tulare County does not make the factual allegations sufficient to support its claims. This is particularly so as its claim that the Proclamation covered too much land is dependent on the proposition that parts of the Monument lack scientific or historical value, an issue on which Tulare County made no factual allegations. Cf. Dalton v. Specter, 511 U.S. 462, 473-74, 114 S.Ct. 1719, 1726-27, 128 L.Ed.2d 497 (1994); United States v. George S. Bush & Co., 310 U.S. 371, 379, 60 S.Ct. 944, 946, 84 L.Ed. 1259 (1940).
 
 
 10
 Count 4 of the complaint alleges that the Monument designation actually increases the risk of harm from fires to many of the objects that the Proclamation aims to protect. However, the Proclamation expressly addresses the threat of wildfires and the need for forest restoration and protection. The Proclamation observes that forest renewal is needed because environmental change "has led to an unprecedented failure in sequoia reproduction," and that "a century of fire suppression and logging" has created "an increased hazard of wildfires of a severity that was rarely encountered in pre-Euroamerican times." Proclamation at 24,095. Count 4 contains no factual allegations, only conclusions, see, e.g., Compl. ¶ 160, and it refers to current management rather than the designation under the Proclamation as the cause for likely increases in catastrophic fires, Compl. ¶ 159.
 
 
 11
 Count 5, alleging that if judicial review is not available under the Antiquities Act then the Act violates the Property Clause of the Constitution as an improper delegation of congressional authority to the President, fares no better. As the court held in Mountain States, "[n]o Constitutional Property Clause claim is before us, as the President exercised his delegated powers under the Antiquities Act, and that statute includes intelligible principles to guide the President's action." 306 F.3d at 1136-37 (citing Whitman v. Am. Trucking Ass'ns, Inc., 531 U.S. 457, 474, 121 S.Ct. 903, 913, 149 L.Ed.2d 1 (2000); Dalton, 511 U.S. at 473-74 & n. 6, 114 S.Ct. at 1726-27 & n. 6).
 
 
 12
 Tulare County's remaining contentions, involving other federal statutes and contractual rights, fail as a matter of law. Contrary to Count 6 of the complaint, the Proclamation does not violate the National Forest Management Act of 1976 ("NFMA"), Pub. L. No. 94-588, 90 Stat. 2949 (codified as amended in scattered sections of 16 U.S.C.) (2000), by unlawfully withdrawing land from the national forest system. The NFMA provides that no national forest land "shall be returned to the public domain except by an act of Congress." 16 U.S.C. § 1609(a). The Proclamation states that "[a]ll federal lands and interests in lands within the boundaries of this monument are hereby appropriated and withdrawn from entry, location, selection, sale, leasing, or other disposition under the public land laws...." Proclamation at 24,097. The Proclamation also states that "[n]othing in this proclamation shall be deemed to revoke any existing withdrawal, reservation, or appropriation; however, the national monument shall be the dominant reservation." Id. at 24,098. The Proclamation thus conceives of the designated land as having a dual status as part of both the Monument and the Sequoia National Forest. Cameron, 252 U.S. at 455, 40 S.Ct. at 410-11; Tulare County, 185 F.Supp.2d at 27. Compare United States v. California, 436 U.S. 32, 40, 98 S.Ct. 1662, 1666, 56 L.Ed.2d 94 (1978). The Proclamation is therefore wholly consistent with NFMA.
 
 
 13
 Tulare County alleges alternatively, in Counts 7 and 8, that if the Proclamation did not remove land from the national forest system, then the current management of the Monument by the National Forest Service violates the NFMA and the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4332 (2000). Neither NFMA nor NEPA provides a cause of action, so the claims must be brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 (2000). Because Presidential actions, of course, are not subject to APA review, Franklin v. Massachusetts, 505 U.S. 788, 800-01, 112 S.Ct. 2767, 2775-76, 120 L.Ed.2d 636 (1992), Tulare County attempts to overcome this bar by challenging the non-presidential actions of the Forest Service, referring to two Forest Service documents — an internal Forest Service memorandum interpreting the Proclamation and an interim plan that directs the day-to-day management of the Monument — allegedly showing that the Service is not acting consistently with the Proclamation. Although Tulare County refers to the existence of foresters on the ground, the complaint does not identify these foresters' acts with sufficient specificity to state a claim.
 
 
 14
 Finally, regarding Count 9, the Proclamation explicitly states that "the establishment of the monument is subject to valid existing rights." Proclamation at 24,097. Tulare County alleges that the Proclamation violates existing rights that were established by the Mediated Settlement Agreement in 1990, which provided that commercial logging would continue to be available in the Converse Basin area of the Monument. Tulare County ignores the fact that the settlement agreement did not create in any of the parties a right to actual timber harvest, cf. Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 733, 118 S.Ct. 1665, 1670, 140 L.Ed.2d 921 (1998), and it failed to allege that any of the appellants possesses a contract for timber harvest. The allegation that the Proclamation violates the Sequoia National Forest Trail Plan likewise fails for lack of sufficient particularity.
 
 
 15
 Accordingly, because "[a]t no point has [Tulare County] presented factual allegations that would occasion ... ultra vires review of the Proclamation[]" Mountain States, 306 F.3d at 1136-37, we affirm the dismissal of the complaint.