Craig C. SCOTT, Plaintiff,

v.

Gordon R. ENGLAND, Secretary
of the Navy, Defendant.

No. CIV.A. 02–0677.

United States District Court,
District of Columbia.

Nov. 29, 2002.

Craig C. Scott, Germantown, MD, The pro se plaintiff.

Herbert E. Forrest, United States Department of Justice, Civil Division—Federal Programs Branch, Washington, DC, Counsel for the defendant.

### *MEMORANDUM OPINION*

#### GRANTING THE DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

URBINA, District Judge.

## I. INTRODUCTION

This action comes before the court on the defendant's motion to dismiss the *pro se* plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Craig C. Scott ("the plaintiff"), a retired commander in the United States Naval Reserve, brings this action against the Secretary of the Navy ("the defendant") in his official capacity, challenging the Naval Reserve Selection Boards' failure to promote the plaintiff to a higher rank. The plaintiff asserts that the defendant has employed an allegedly impermissible affirmative-action promotion policy that favors minorities and women, and thereby alleges violations of the Administrative Procedure Act, as amended, 5 U.S.C. § 701 *et seq.* ("APA"), and of the plaintiff's constitutional rights to equal protection and due process under the Fifth Amendment. In response, the defendant asserts that the court lacks subject-matter jurisdiction because the plaintiff did not exhaust his administrative remedies before filing the present action. The plaintiff, who ultimately conceded that he has not exhausted administrative remedies, asks the court to dismiss the case without prejudice to allow him an opportunity to exhaust his administrative remedies. After consideration of the parties' submissions, the relevant law, and the record of this case, the court grants without prejudice the defendant's motion to dismiss.

## II. BACKGROUND

The plaintiff is a retired Naval Reserve Commander who, at the time of the incidents giving rise to the instant action, was a commissioned officer in the United States Naval Reserve. First Am. Compl. ("Am.Compl.") at 1. The plaintiff sues the defendant in the defendant's official capacity as Secretary of the Navy. *Id.* at 3.

Prior to the plaintiff's retirement, the Naval Reserve Selection Boards for Fiscal Years 1997 and 1998 did not select him for a promotion to the rank of captain. *Id.* at 2; Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2. The plaintiff believes that the cause for his non-promotion was a set of allegedly discriminatory equal-opportunity instructions that required the Selection Boards to give special consideration to promoting minorities and women. Am. Compl. at 4–8, Exs. 1 and 2. The plaintiff deduces therefrom that such alleged discriminatory action denied him his constitutional rights to equal protection and due process under the Fifth Amendment. *Id.* In addition, under the rubric of the APA, the plaintiff challenges various decisions made by the Board for Correction of Naval Records ("the Board") that apparently uphold special consideration to promoting minorities and women. *Id.* at 10.

The plaintiff filed his original complaint with this court on April 10, 2002. The first sentence of that complaint states in bold type:

"This complaint is being filed in conjunction with a petition to the Board for Correction of Naval Records, dated April 8, 2002, ... in order that the Statute of Limitation[s] for this com-

plaint not be exceeded prior to a decision by the Board for Correction of Naval Records. In the event that further action is necessary, an amended complaint will be filed subsequent to a final decision by the Board for Correction of Naval Records."

Compl. at 1. On June 6, 2002, the plaintiff filed a first amended complaint, which mirrored the original complaint but for the omission of the preceding statement asserting that he filed the instant action in conjunction with a petition to the Board. *Compare* Am. Compl. *with* Compl.

On June 17, 2002, the defendant filed a motion to dismiss the original complaint. On June 20, 2002, presumably after realizing that the plaintiff had amended his complaint, the defendant filed a "renewed" motion to dismiss ("motion" or "motion to dismiss"), challenging the plaintiff's first amended complaint for lack of subject-matter jurisdiction, and asserting that the plaintiff had failed to exhaust his administrative remedies before filing the present action. Def.'s Mot. at 2. On August 1, 2002, the plaintiff filed a response to the defendant's motion conceding the fact that he had not exhausted his administrative remedies before initiating the present action and requesting that the court grant the defendant's motion to dismiss without prejudice in order for the plaintiff to retain "future access to the [c]ourt to settle any unresolved issues." Pl.'s Resp. at 1.

## III. ANALYSIS

### A. Legal Standard for a Rule 12(b)(1) Motion to Dismiss

■ On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Dist. of Columbia Ret. Bd. v. United States*, 657 F.Supp. 428, 431 (D.D.C.1987) (Hogan, J.). In evaluat-ing whether subject-matter jurisdiction exists, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Tulare County v. Bush*, 306 F.3d 1138, 1142 (D.C.Cir.2002) (internal citations omitted); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990).

■ Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

### B. The Court Grants the Defendant's Motion to Dismiss Without Prejudice

The defendant primarily argues that the court lacks subject-matter jurisdiction over the plaintiff's claims because the plaintiff did not exhaust his administrative remedies before bringing this action. Def.'s Mot. at 4–10. As previously noted, the plaintiff agrees that he has not exhausted the administrative remedies available to him by stating in both the original complaint and in his response to the defendant's motion that he filed the instant action in conjunction with a petition to the Board and prior to a decision by that entity. Compl. at 1; Pl.'s Resp. at 1–2.

■ The governing rule under Title 10 of the United States Code is that a naval officer who seeks to challenge the Navy's decision not to select him for a promotion first must challenge the non-selection by petitioning the defendant through the Board and asserting that the non-selection constituted an error or injustice. 10 U.S.C. §§ 1552, 14502. Acting on the recommendation of the Board, the defendant may reject the claim outright without referral to a Special Selection Board, or may convene a Special Selection Board to reconsider the officer's non-promotion. 10 U.S.C. § 14502(g)(1)(A)-(B). When convened, the Special Selection Board recommends to the defendant whether the defendant should promote the officer notwithstanding the initial non-selection. 10 U.S.C. § 14502(b)(3). A federal court thereafter may review the defendant's determination not to convene a Special Selection Board to determine if that decision was arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law. 10 U.S.C. § 14502(h)(1). A federal court also may review an action of a Special Selection Board to determine whether its action was similarly contrary to law. 10 U.S.C. § 14502(h)(2). As with this case, however, a federal court is expressly denied jurisdiction to review promotion decisions while the officer's non-selection is being reconsidered under administrative review. 10 U.S.C. § 14502(g)(1)(A)-(B)(2). The purpose behind this system is to provide the agency with notice and an opportunity to rectify any wrong through the conciliation process or through administrative relief. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 833–35, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (explaining the purpose behind exhaustion of remedies in the Title VII employment-discrimination context); *Brown v. Marsh*, 777 F.2d 8, 14 (D.C.Cir.1985) (same).

■ Applying these principles to the case at bar demonstrates that the plaintiff's failure to exhaust administrative remedies before filing the present action against the defendant warrants dismissal of the action. 10 U.S.C. § 14502(g)(1)(A)-(B)(2); *Coit Independence Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 579, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989) (recognizing that "exhaustion of administrative remedies is required where Congress imposes an exhaustive requirement by statute"); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938) (noting that no plaintiff is "entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); *DSE, Inc. v. United States*, 169 F.3d 21, 26 (D.C.Cir.1999) (stating that a plaintiff cannot seek judicial review from a final agency action without pursuing an intra-agency appeal if required to do so by statute). Indeed, it is well settled that the jurisdiction must be established as a threshold requirement before the court may address substantive issues on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citing *Ex parte McCardle*, 7 Wall. (74 U.S.) 506, 514, 19 L.Ed. 264 (1868)); *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) (holding that jurisdiction is a threshold matter that is "inflexible and without exception").

In circumstances parallel to those in the instant case, another member of this court granted the government's motion to dismiss for lack of jurisdiction under 10 U.S.C. § 14502(g), the same statute applicable to the present case. *Juffer v. Caldera*, 138 F.Supp.2d 22 (D.D.C.2001) (Lamberth, J.). In that case, the court dismissed an action against the Secretary of the Army that alleged a non-selection

allegedly due to an impermissible military affirmative-action policy. *Id.* Like the plaintiff herein, the *Juffer* plaintiff had not exhausted his administrative remedies while his petition for administrative review remained pending before the Board for Correction of Military Records. *Id.* at 23–24. Quoting the statutory mandate of 10 U.S.C. § 14502(g), the court observed that "Congress has specifically addressed whether a federal district court has jurisdiction to hear non-promotion claims by military officers" and that "[t]here is very little that can be added to clarify a legislative pronouncement already this clear." *Id.* at 24 (referring to 10 U.S.C. § 14502(g)). The court also noted the Supreme Court's recognition that " 'when Congress imposes an exhaustion requirement by statute,' a district court is not free to divine its own exhaustion requirements." *Id.* (quoting *Coit Independence Joint Venture,* 489 U.S. at 587, 109 S.Ct. 1361).

Viewing the instant case in light of Congress's clear statement on the matter and the ruling in *Juffer,* this court holds that the court lacks jurisdiction to hear this case due to the pendency of administrative review. *Id.* This outcome is additionally supported by the plaintiff's concession that he had not exhausted his administrative remedies before initiating the present action. Compl. at 1; Pl.'s Resp. at 1. Accordingly, the court grants the defendant's motion to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons, the court grants without prejudice the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 29 day of November 2002.

### *ORDER*

### GRANTING THE DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued,

it is this 29th day of November 2002,

**ORDERED** that the defendant's motion to dismiss is **GRANTED** without prejudice.

**SO ORDERED.**