Polina K. SMITH, Plaintiff,

v.

Stephen KOPLAN, Chairman United States International Trade Commission, Defendant.

No. CIV.A. 01–2581(JGP).

United States District Court, District of Columbia.

March 30, 2005.

Polina K. Smith, Washington, DC, pro se.

Wyneva Johnson, U.S. Attorney's Office for D.C., Washington, DC, for Defendant.

## MEMORANDUM OPINION

PENN, District Judge.

This matter is before the Court on defendant's **Motion to Dismiss or in the Alternative for Summary Judgment** [# 89]. Plaintiff is a former employee of the International Trade Commission ("ITC") alleging national origin discrimination and reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant has moved to dismiss plaintiff's claims for lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies. As explained more fully below, the Court concludes that defendant's motion to dismiss should be granted.

## BACKGROUND

Plaintiff is a U.S. citizen of Russian–Ukranian origin. Compl. ¶ 8. In August 1999, Plaintiff was hired for a three year term as an attorney adviser in the Office of General Counsel ("OGC") of the ITC. *See* Compl. ¶ 27; Def.'s Mot. Dismiss or Summ. J., Ex. 1. Prior to her employment in the OGC, plaintiff worked as a law clerk in the U.S. Court of International Trade and as an associate at a Wall Street law firm. Compl. ¶¶ 17–18. Plaintiff resigned from her position in the OIG on June 9, 2000. Def.'s Mot. Dismiss or Summ. J. 9.

On September 7, 2000, plaintiff filed a formal complaint alleging national origin discrimination and reprisal. *Id.* After completing the initial counseling process and investigation, plaintiff requested an Equal Employment Opportunity Commission ("EEOC") hearing on her claims. *Id.*

On May 24, 2001, an EEOC administrative law judge issued an Acknowledgment Order. *Id.* The Order required both parties to respond to discovery requests within 15 calendar days of receipt of the request. Def.'s Mot. Dismiss or Summ. J., Ex. 2. When plaintiff received the Order, she had already made out-of-state commitments from June through August that included two trips overseas. Compl. ¶ 7. Knowing that she would be out of town during the discovery period, plaintiff attempted to find a lawyer to file an appearance on her behalf, but was unsuccessful. *Id.*

Defendant served discovery requests to Plaintiff on June 18, 2001. Def.'s Mot. Dismiss or Summ. J., Ex. 4. When plaintiff did not respond, defendant attempted to contact plaintiff by phone on June 29, July 5, and July 9, 2001. *Id.* On July 30, 2001, defendant filed an Emergency Motion to Dismiss arguing that plaintiff failed to respond to the discovery requests. *Id.* The administrative judge also attempted to contact plaintiff and left messages on August 13 and August 16, 2001. *Id.* However, since plaintiff was out of town, she did not respond to either the defendant or the administrative judge's written requests or subsequent phone calls. *Id.; see* Compl. ¶ 7.

The administrative judge sent plaintiff a final order on August 16, 2001 ordering plaintiff to contact either the judge or agency counsel by August 25, 2001 to explain why she failed to comply with discovery requests. *Id.* Plaintiff returned to her residence on August 22, 2001, but did not respond to the judge's order. Compl. ¶ 7. Consequently, the administrative judge dismissed plaintiff's claims and imposed a monetary sanction. Def.'s Mot. Dismiss or Summ. J., Ex. 4. Plaintiff subsequently filed a complaint with this Court.

## ANALYSIS

### I. *Standard of Review*

 On a Fed.R.Civ.P. 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Scott v. England,* 264 F.Supp.2d 5, 7 (D.D.C.2002) *citing Dist. of Columbia Ret. Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In determining whether subject matter jurisdiction exists, the court must accept all of plaintiff's well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor. *Rann v. Chao,* 154 F.Supp.2d 61, 64 *citing Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court is not required, however, to accept inferences unsupported by the facts alleged, or legal conclusions that are cast as factual allegations. *Scott,* 264 F.Supp.2d at 7.

### II. *Failure to Exhaust Administrative Remedies*

 Pursuant to 42 U.S.C. § 2000e–16, the EEOC has established detailed procedures for the administrative resolution of discrimination complaints. *Bowden v. United States,* 323 U.S.App.D.C. 164, 168, 106 F.3d 433, 437 (1997). Strict adherence to these procedural requirements is the "best guarantee of evenhanded administration of the law." *Marshall v. James,* 276 F.Supp.2d 41, 49 (D.D.C.2003) *quoting National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002). Hence, persons filing complaints must timely exhaust their administrative remedies before bringing their claims to court. *Bowden,* 323 U.S.App.D.C. at 168, 106 F.3d at 437. "If a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim, he may not file suit." *Artis v. Greenspan,* 332 U.S.App.D.C. 395, 400, 158 F.3d 1301, 1306 (1998) *citing Wilson v. Pena,* 316 U.S.App.D.C. 352, 362–63, 79 F.3d 154, 164–65 (1996). Courts equate cases of failing to cooperate with the agency as cases where a plaintiff has failed to exhaust her administrative remedies. *See Carmona v. O'Neill,* Civil Action No. 01–0115(CKK), slip op. at 1 (D.D.C. Jan. 21, 2002).

Plaintiff argues that the Court and the EEOC are part of a framework of "parallel alternative jurisdictions" and that she satisfied her administrative requirement by exhausting her administrative remedies within the ITC. Pl.'s Opp.'n Def.'s Mot. Dismiss or Summ. J. 2. However, plaintiff did not exhaust her remedies within the ITC. Upon completion of the ITC investigation, plaintiff had the option of either requesting an immediate final decision from the agency, or a hearing before an EEOC administrative judge. *Id. See* 29 C.F.R. § 1614.108(f). Plaintiff chose the latter, but failed to complete the process. Precedent holds that when a claimant abandons any part of the administrative process, she is barred from seeking redress from the courts. *See Bush v. Engleman,* 266 F.Supp.2d 97, 101 (D.D.C.2003); *Carmona,* Civil Action No. 01–0115(CKK), slip op. at 1 (D.D.C. Jan. 21, 2002).

Plaintiff abandoned the administrative process when she did not comply with the discovery proceedings before the EEOC administrative judge. The Acknowledgment Order set out specific time limits for the completion of various procedures in preparation for the hearing that plaintiff requested. Def.'s Mot. Dismiss or Summ. J., Ex. 2. Although the Order invited the parties to submit written requests for deviations from the order, plaintiff did not submit a request to the administrative judge, or notify defendant of her anticipated absence. *See* Compl.; Pl.'s Opp.'n

Def.'s Mot. Dismiss or Summ. J. Moreover, plaintiff returned to her residence on August 22, 2004, and had three days in which to contact the administrative judge to explain her absence. Compl. ¶ 7, Def.'s Mot. Dismiss or Summ. J., Ex. 3. However, plaintiff failed to do so.

Plaintiff contends that defendant hired a detective agency to intercept her voice and electronic communications, and was thus aware that plaintiff was out of town. Compl. ¶ 7. However, plaintiff has no evidence to support her assertion. Def.'s Mot. Dismiss or Summ. J., Ex. 1. Plaintiff also contends that her doorman accepted service of the EEO proceedings on her behalf, but was not authorized to do so. Compl. ¶ 7. Even if the Court accepts that plaintiff was not properly served, this does not dispel the fact that plaintiff had 2–3 days from the date of her return to contact the administrative judge and explain her absence. Moreover, plaintiff does not deny that she received the notices or the numerous telephone messages left by both defendant and the administrative judge. *See* Compl.; Pl.'s Opp.'n Def.'s Mot. Dismiss or Summ. J. Plaintiff abandoned the administrative proceedings that she initiated with regard to her claims, and is therefore prohibited from seeking redress of those claims in this Court.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss is GRANTED.